United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20426
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS BERNARD WRIGHT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-167-ALL
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Travis Bernard Wright ("Wright") appeals his jury trial
convictions for making a false statement to the Federal Bureau of
Investigation ("FBI") and conveying false information through an
instrument of interstate commerce concerning an alleged attempt to
kill or injure individuals and unlawfully damage or destroy
property by means of fire or an explosive device. Wright argues
that the district court abused its discretion by excluding the
testimony of his expert witness, Dr. Walter Quijano ("Dr.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quijano"). Wright maintains that the district court violated his constitutional rights by requiring him to testify in order for Dr. Quijano's testimony to be admissible. For the first time on appeal, Wright contends that the district court plainly erred by allowing FBI Agent Alfred L. Johnson ("Agent Johnson") to give expert testimony on matters outside of his area of expertise. Wright further asserts that the district court abused its discretion by allowing FBI Agent Heidi Estrada ("Agent Estrada") to testify as a rebuttal witness in violation of the rule of sequestration.

All of Dr. Quijano's proffered opinions concerned the interviewing techniques used by FBI Agent Blake McConnell ("Agent McConnell") when he interviewed Wright prior to Wright's initial confession. As the circumstances and content of Agent McConnell's interview of Wright were not presented to the jury, the district court did not abuse its discretion in ruling that Dr. Quijano's expert testimony would not have assisted the jury in understanding the evidence or determining a fact in issue. See FED. R. EVID. 702; see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). Furthermore, the district court did not improperly make Wright choose between asserting his Fifth Amendment right to not testify and his Sixth Amendment right to present a defense. Wright was simply forced to choose between asserting a defense based upon his own testimony or remaining silent, a choice that is inherent in any defendant's decision whether to testify or

2

not, and that does not violate a defendant's constitutional rights. See Williams v. Florida, 399 U.S. 78, 83-84 (1970).

As Wright did not object to the admission of Agent Johnson's challenged testimony at trial, we review that the admission of that testimony for plain error. See United States v. Ramirez-Velasquez, 322 F.3d 868, 878-79 (5th Cir. 2003). Given the overwhelming evidence against Wright, the district court's admission of Agent Johnson's testimony did not affect the outcome of Wright's trial and was, therefore, not plain error. See United States v. Flores, 63 F.3d 1342, 1358 (5th Cir. 1995).

Wright has not pointed to any portion of Agent Estrada's rebuttal testimony that was less than candid or tailored because of her presence in the courtroom in violation of the rule of sequestration. Furthermore, the Government could not have known the content of the testimony that Agent Estrada was called to rebut prior to the testimony being given. Accordingly, the district court did not abuse its discretion in allowing Agent Estrada to testify as a rebuttal witness. See United States v. Wylie, 919 F.2d 969, 976 (5th Cir. 1990).

AFFIRMED.